No. 269.—CATHERINE D. DOWD *v.* ELSTNER, KINSWORTHY & CO.

In this case three parties, A, B and C, formed a commercial partnership, each placing in the firm to his individual credit, and to be under his individual control, an equal amount of the capital stock. By an article of the partnership it was acknowledged that three thousand dollars of the capital stock belonging to C was borrowed from D, for which the firm bound itself on its dissolution to pay. At or before the dissolution of the firm C drew out all his capital, including the amount which was owing to D. After the firm was dissolved, D brought suit for the three thousand dollars against each member of the firm on the promise and acknowledgment in the articles of partnership. Held—That D could not recover because the article of the partnership which acknowledged the indebtedness to D gave to C the exclusive control of his own capital in the partnership, which he had withdrawn before suit was brought.

Held further—That under the allegations in the petition of D that she loaned the money to C individually, evidence to show the fact that C had withdrawn the same before suit was brought was admissible in a suit to hold the firm liable.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee, J. Land & Taylor,* for plaintiff and appellant. *Nutt & Leonard,* for defendants and appellees.

HOWE, J.   The plaintiff alleged in her petition, filed April 28, 1869, that the defendants' firm, composed of J. C. and W. H. Elstner and B. H. Kinsworthy, was organized in 1866; that she loaned and advanced to B. H. Kinsworthy the sum of three thousand dollars to enable him to furnish the amount of capital he contributed to the partnership; that when the partnership was actually formed, on the twenty-sixth of April, 1866, the firm of Elstner, Kinsworthy & Co. credited petitioner with the sum of three thousand dollars, and bound itself in writing to pay the same whenever the partnership should be dissolved, and that the partnership was dissolved on the first of May, 1867. She therefore demanded the amount with interest.

J. C. Elstner and W. H. Elstner answered by a general denial, and the curator *ad hoc* of B. H. Kinsworthy filed a similar defense.

There was judgment for defendants, and plaintiff appealed.

The only evidence offered by plaintiff consisted of the written articles of partnership of the defendants' firm, dated April 26, 1866. It was admitted that the firm was dissolved in May, 1867. The third article of the agreement of partnership is the one on which plaintiff relies, and is in these words:

"It is agreed between the said parties that the cash capital to be employed by them in the said copartnership business shall be the sum of twenty-seven thousand dollars ($27,000), now already invested in the said business, which is hereby acknowledged and recognized as standing to the credit of the following named persons on the books of the said firm, as follows, viz:   The sum of eighteen thousand dollars ($18,000) to the credit of the said John C. Elstner, nine thousand dollars of which is to represent the interest of the said John C. Elstner, and nine thousand dollars of which is to represent the interest of the said William H. Elstner, and the sum of six thousand dollars to the

credit of David R. Coulter, for the use and benefit of Rebecca J. Kinsworthy, and the sum of three thousand dollars to the credit of Catherine D. Dowd, amounting together to the sum of nine thousand dollars, which is to represent the interest of the said Burton H. Kinsworthy, who is to have the control of the same, and is to have the benefit of all profits arising from the same."

On the part of the defendants it was proved that after the partnership was dissolved in 1867, its affairs were put in liquidation and that B. H. Kinsworthy withdrew from the assets his share of the capital stock ($9000), of which the amount loaned him by plaintiff and mentioned in the article above quoted ($3000) formed a part, and this before the commencement of this suit.

The plaintiff reserved a bill of exceptions to the admission of the testimony to show that B. H. Kinsworthy had thus drawn out his share, on the ground of irrelevancy; but we think the objection was properly overruled. The plaintiff, herself, alleges that she loaned the sum sued for to Kinsworthy, and the only evidence she offers of a liability of the firm to her for the amount is the article above quoted. But this article gives Kinsworthy the control of the share of capital recognized as his, and it was certainly relevant to show that he drew the amount from the liquidation before the plaintiff ever signified her intention to make a claim under the stipulations of the articles of partnership, to which she was not a party.

Nor do we perceive any error in the judgment appealed from. The plaintiff loaned her money to Kinsworthy. She was no party to the agreement of April 26, 1866, under which she claims. She never accepted its stipulations, except by instituting this suit three years afterwards, and after the firm had been liquidated and the amount she had loaned to Kinsworthy, and which he had contributed to the partnership, had been refunded to him as the person entitled to control it.

Judgment affirmed.